**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| LONNIE BUTTS, | : | |
| Plaintiff | : | |
| v. | : | 1:07-CV-8 (WLS) |
| Officer PARTAIN, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge filed on June 19, 2008. (Doc. 39). It is recommended that Defendants' Motion for Summary Judgment (Doc. 21) be granted. (Doc. 39). Plaintiff filed a timely objection to the Report and Recommendation on July 2, 2008. (Doc. 40).

In the Recommendation, it was found that the amount of force applied in this case "was applied in a good faith effort to maintain or restore discipline [as opposed to] maliciously and sadistically for the very purpose of causing harm." (Doc. 39). Additionally, Judge Hodge found that there was no evidence that Plaintiff was denied mental health treatment by any of the named defendants. *Id*. Finally, Judge Hodge found that there was no evidence in the record that Plaintiff filed any grievances concerning the allegations in the instant action. *Id*. Therefore, Plaintiff's Complaint is due to be dismissed under the Prison Litigation Reform Act. *Id*

Plaintiff reiterates in great detail, via his twenty (20) page objection, the allegations that form the basis for his complaint before this Court. (Doc. 40). Plaintiff also contends that he had limited access to the law library. *Id*.

Despite Plaintiff's voluminous objection, he still provides no evidence to rebut Defendants' arguments, presented in their Motion for Summary Judgment. However, at this juncture, the same would not be appropriate, as such evidence was never presented to Judge Hodge. The Court notes that although Plaintiff now claims that he did not have sufficient access to the prison law library, Plaintiff did not file a response to Defendant's Motion for Summary Judgment until six (6) months after the same was filed. Furthermore, Plaintiff never notified

Judge Hodge of the lack of access issue.  Finally, notwithstanding the lack of support and evidence for Plaintiff's claims within the record, Plaintiff's Complaint is due to be dismissed for failure to exhaust the available administrative remedies.  Plaintiff failed to provide affirmative evidence to show that any grievances were ever filed.  (Doc. 39).  This is required in this case because Defendants submitted evidence alleging that a grievance was never filed by Plaintiff. *See* Fed. R. Civ. Pro. 56(e).

Therefore, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 39) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein.  Accordingly, Defendant's Motion for Summary Judgment (Doc. 21) is **GRANTED**.

**SO ORDERED**,  this   30th   day of September, 2008.


   /s/W. Louis Sands   
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**